IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PETER K. LANGAN,**

  **Petitioner,**

  v.

**UNITED STATES OF AMERICA,**

  **Respondent.**

**CASE NO. 2:16-CV-599**
**CRIM. NO. 2:96-CR-015(1)**
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

Petitioner, a federal prisoner, brings the instant *Second-In-Time Motion to Correct Sentence Under 28 U.S.C. § 2255* and *Amended Second-In-Time Motion to Correct Sentence Under 28 U.S.C. § 2255*. (ECF Nos. 620, 621.) This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

For the reasons that follow, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

On November 28, 2011, the Court sentenced Petitioner to an aggregate term of 125 months imprisonment on his convictions under 18 U.S.C. § 1951 and 18 U.S.C. § 924(c)(1)(A). Petitioner now asserts that, under *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015)(declaring the residual clause of the Armed Career Criminal Act "ACCA" to be unconstitutional), his sentence is constitutionally invalid.

However, this is not Petitioner's first § 2255 petition. On April 18, 2005, the Court dismissed Petitioner's prior motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *Langan v. United States*, Case No. 2:02-cv-832 (ECF No. 569.) On June 23, 2010, the

Court transferred a subsequent motion under 28 U.S.C. § 2255 to the United States Court of Appeals for the Sixth Circuit as successive. *Langan v. United States*, Case No. 2:10-cv-502 (ECF No. 601.)

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing. *In re Smith*, 690 F.3d 809 (6th Cir. 2012). Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner argues that this action does not constitute a successive § 2255 motion, however, because he could not have earlier raised a claim under *Johnson. See, e.g., Magwood v. Patterson*, 561 U.S. 320 (2010)(second habeas petition challenging newly imposed judgment does not constitute a successive petition);

> 28 U.S.C. 2244(b)(2) provides:
>
> > A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
> >
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[.]

Such are the circumstances here. Further, "[i]n addressing the question of whether a second petition raising a claim under *Johnson* constitutes a successive 2255 petition, many courts have concluded that it does." *United States v. Marshall*, No. 09-cr-20536-06, 2015 WL 7756107, at

2

*2 (E.D. Mich. Dec. 1, 2015)(citing *Anderson v. Snyder-Norris*, No. 15-CV-57-HRW, 2015 WL 5174234, at *4-5 (E.D. Ky. Sept. 2, 2015)(citing *Cockrell v. Kreuger,* No. 15-cv-1279, 2015 WL 4648029 (C.D. Ill., 2015); *Wood v. Maiorana*, No. 3:CV-15-1409, 2015 WL 4663267, at *2-6 (M.D.Pa. 2015); *Barrett v. United States*, Nos. 2:15-CV-02876, 2:11-CR-00173, 2015 WL 5836011 (S.D. Ohio 2015))  This Court reaches that same conclusion.

Because Petitioner has filed earlier motions to vacate, the *Second-In-Time Motion to Correct Sentence Under 28 U.S.C. § 2255* and *Amended Second-In-Time Motion to Correct Sentence Under 28 U.S.C. § 2255,* (ECF Nos. 620, 621) presently before the Court constitute successive motions to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it.

Therefore, Petitioner's *Second-In-Time Motion to Correct Sentence Under 28 U.S.C. § 2255* and *Amended Second-In-Time Motion to Correct Sentence Under 28 U.S.C. § 2255*.  (ECF Nos. 620, 621) are **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

**IT IS SO ORDERED.**

Date: July 19, 2016                             _____s/James L. Graham_____
                                                JAMES L. GRAHAM
                                                United States District Judge

3