IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                                          Case No. 2:96-cr-15

Peter Kevin Langan

## Opinion and Order

This matter is before the Court on Defendant's motion to amend the January 22, 1999 Judgment and Commitment Order. Defendant, who was convicted under the name Peter Kevin Langan, has undergone gender reassignment surgery while incarcerated. Langan requests that the Court amend the Judgment so as to change Defendant's name to Bella Donna Langan. For the reasons set forth below, the Court denies the motion.

**I.**      **Background**

In the 1990s Peter Langan led a small, white-supremacist group known both as the Aryan Republican Army and as the Midwestern Bank Bandits. The group robbed a number of banks in the Midwest in order to support their goal of committing terrorist acts against the United States government. The bank robbery proceeds were used to finance future robberies and also to support similar neo-Nazi causes. *See United States v. Langan*, 263 F.3d 613, 615–18 (6th Cir. 2001).

A jury found Langan guilty of bank robbery, in violation of 18 U.S.C. § 2113, and of using firearms and a destructive device in committing the robberies, in violation of 18 U.S.C. § 924(c). In a separate trial, Langan was convicted of assaulting federal officers, in violation of 18 U.S.C. § 111, and of further firearms offenses. Langan's convictions from the two trials were consolidated for purposes of sentencing, and Langan received a sentence of life imprisonment without the possibility of parole, plus 35 years.

According to documentation attached to an earlier filing with the Court, Langan underwent gender reassignment surgery on January 5, 2023 at the Carrollton Regional Medical Center in Carrollton, Texas. *See* Doc. 635 at PAGEID 1076. Langan, who is now 66 years old, is currently incarcerated at Federal Medical Center Carswell, a facility for female inmates in Fort Worth, Texas.

**II. Discussion**

The motion to amend raises two primary concerns which Langan alleges can be resolved only if this Court amends the Judgment to reflect Defendant's chosen name of Bella Donna Langan. The first concern relates to the name which the BOP and prison staff use to refer to Langan. The second relates to Langan's alleged inability either to obtain a new birth certificate reflecting a gender marker change or to obtain a legal name change in Texas.

According to the motion, though the Federal Bureau of Prisons has placed Langan in a facility for women, Langan's name remains unchanged in the BOP's recordkeeping system. This means that "Peter" appears as the first name on Langan's prison identification card and that Langan must face embarrassment whenever prison officials call out the name "Peter Langan" for mail call, etc. *See* Doc. 637 at PAGEID 1083. Langan contends that the BOP will not change the first name in its system unless this Court amends the Judgment.

Langan's argument is misguided. An inmate who changes his name does not have a right to have documents, such as the criminal judgment, which pre-dated his legal name change altered to reflect the newly-adopted name. *See United States v. Baker*, 415 F.3d 1273, 1274 (11th Cir. 2005) (citing *Imam Ali Abdullah Akbar v. Canney*, 634 F.2d 339, 340 (6th Cir. 1980)); *see also United States v. White*, 490 Fed. App'x 979, 981 (10th Cir. 2012) (affirming the district court's holding that the defendant "does not . . . have a right to retroactively change the name under which he was convicted"). The Federal Rules of Criminal Procedure offer no authority for this Court to amend the Judgment because of a post-judgment name change. *See United States v. Varner*, 948 F.3d 250, 254 (5th Cir. 2020) (denying a motion to amend the judgment to reflect a name change following gender reassignment surgery, and reasoning that Rule 36, which permits a judgment to be corrected for "a clerical error," does not apply to a legal name change which took place after the judgment entry).

Moreover, Langan's premise – that the only way to get the BOP to use the correct first name is through amending the Judgment – is mistaken. The relevant BOP policy provides that the BOP will use the name on the Judgment and Commitment Order as the inmate's "committed name" in its SENTRY Inmate Management System. *See* BOP Program Statement 5800.15, Correctional Systems Manual, § 402(d) (Sept. 23, 2016). The inmate's committed name remains associated with them for recordkeeping purposes, but the BOP allows other names to be used. The policy expressly provides for the use of "legal" names, and SENTRY fields can be added to reflect an inmate's legal name. *See id.*, § 402(d); *see also Baker*, 415 F.3d at 1274 (noting that an inmate is entitled to recognition of a legal

2

name change under the BOP's dual-name policy). In addition, the BOP's policy regarding names for transgender inmates provides that staff will use names and pronouns consistent with the inmate's "identified gender" and legal name. *See* BOP Program Statement 5200.08, Transgender Offender Manual, § 12 (Jan. 12, 2022).

It is the inmate's responsibility to provide prison officials with "verifiable documentation of the name change which will be entered by staff in the SENTRY 'legal' name field." Correctional Systems Manual, § 402(d); *see also* Transgender Offender Manual, § 12 (stating that name changes must be done consistent with the Correctional Systems Manual). Here, there is no assertion or showing on Langan's part of complying with the BOP's policy for changing or adding a legal name in SENTRY. *See United States v. Wing*, No. 5:08-CR-324-F-1, 2017 WL 1102613, at *3 (E.D.N.C. Mar. 23, 2017) (denying an inmate's motion for an order requiring the BOP to use his new religious name because there was "no indication that Defendant legally changed his name or complied with BOP procedure for establishing dual name recognition") (footnote omitted); *United States v. Jenkins*, No. CR 3:12-513-JFA, 2017 WL 11446244, at *1 (D.S.C. Mar. 7, 2017) ("Before this court can order the BOP to recognize defendant's religious name, the defendant must first show that he has changed his name under the applicable state laws governing changes of names.").

The second concern raised in the motion is Langan's inability to obtain a new birth certificate or new legal name. According to the motion, Langan was born in 1958 on the island of Saipan.[1] In 2023 Langan requested that the Health and Vital Statistics Office for the Commonwealth of the Northern Mariana Islands (CMNI) change the gender marker on the original birth certificate. *See* Docs. 637-8, 637-9 (letters submitted by Langan). Langan has not received an official response but was told in a telephone conversation with a representative of the Office that a "court order" was necessary to change the birth certificate. Similarly, Langan attempted to obtain a legal name change in Texas. Those attempts have been unsuccessful and resulted in litigation which was resolved unfavorably to Langan. *See Langan v. Abbott*, 518 F.Supp.3d 948 (W.D. Tex. 2021) (dismissing Langan's suit without prejudice and holding that the Eleventh Amendment to the U.S. Constitution barred Langan's challenge to the constitutionality of Texas Family Code § 45.103, which prohibits an incarcerated person from legally changing their name to comport with their gender).

---

[1] In 1978 Saipan joined the United States as part of the Commonwealth of the Northern Mariana Islands. *See* 48 U.S.C. § 1801.

3

Langan asserts that it will be impossible to obtain a gender marker change on the birth certificate or obtain a legal name change "without intervention of this Court." Doc. 637 at PAGEID 1084. But this Court has no authority or jurisdiction over such matters. The court order that is required under CMNI law to change the name or gender marker on a birth certificate must come from the CMNI Superior Court. *See* 1 CMC § 26018(c), (d). And this Court is not the proper venue to hear either any appeal from the unfavorable disposition of Langan's claims challenging Texas law or any refiling of those claims. *See* 28 U.S.C. §§ 41, 1391.

### III. Conclusion

Accordingly, the motion to amend Judgment and Commitment Order to change Defendant's name (doc. 637) is DENIED.


Date: December 5, 2024                                    *s/ James L. Graham*
                                                                            James L. Graham
                                                                            United States District Judge